SCANNED    FILED

AUG 1 6 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NOS 5
fee paid
NP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Geronimo Velasco                )
                                )
                  Plaintiff,    )
                                )       CASE NO. **C24-05307**
        vs.                     )
                                )
Pentagon Technologies Group, Inc. )    EMPLOYMENT DISCRIMINATION LJC
                                )       COMPLAINT
                  Defendant(s). )
                                )
_____)

1.   Plaintiff resides at:

     Address  23480 Nevada Road

     City, State & Zip Code  Hayward, California 94541

     Phone  (510) 399-8028

2.   Defendant is located at:

     Address  21031 Alexander Court

     City, State & Zip Code  Hayward, California 94545

3.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employ-
ment discrimination.  Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5.
Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4.   The acts complained of in this suit concern:

     a. __ Failure to employ me.

     b. __ Termination of my employment.

Form-Intake 2 (Rev. 4/05)              - 1 -

c. __ Failure to promote me.

d. ✓ Other acts as specified below.

See Attachment 2 - Charge Filed with the EEOC

See Attachment 3 - Request For Reconsideration Filed with the EEOC

5. Defendant's conduct is discriminatory with respect to the following:

a. ✓ My race or color.

b. __ My religion.

c. __ My sex.

d. __ My national origin.

e. ✓ Other as specified below.

Disability    Retaliation, other as specified in Attachment 2 & 3

6. The basic facts surrounding my claim of discrimination are:

See Attachment 2 - Charge Filed with the EEOC

See Attachment 3 - Request For Reconsideration Filed with the EEOC

7. The alleged discrimination occurred on or about as specified in Attachment 2 & 3

(DATE)

8. I filed charges with the Federal Equal Employment Opportunity Commission (or the California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)          - 2 -

discriminatory conduct on or about as specified in Attachment 2 & 3

(DATE)

9.    The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached), which was received by me on or about 05/21/2024 .

(DATE)

10.    Plaintiff hereby demands a jury for all claims for which a jury is permitted:

Yes __✓__    No _____

11.    WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees.

DATED: 08/16/2024

*Geronimo Velasco*

SIGNATURE OF PLAINTIFF

(PLEASE NOTE: NOTARIZATION

IS NOT REQUIRED.)

Geronimo Velasco

PLAINTIFF'S NAME

(Printed or Typed)

Form-Intake 2 (Rev. 4/13)                - 3 -

# ATTACHMENT 1

## PAGE 1 OF 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Oakland Local Office
1301 Clay Street, Suite 680-N
Oakland, CA 94612
(510) 956-0004
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/21/2024

**To:** Geronimo Velasco
23480 Nevada Rd
HAYWARD, CA 94541
Charge No: 555-2023-00040

EEOC Representative and email:     PATRICK GHEORGHE
Investigator
patrick.gheorghe@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally signed by Rosa M. Salazar
DN: cn=Rosa M. Salazar, o=U.S. Equal Employment
Opportunity Commission, ou=Enforcement Manager, San
Francisco District Office, email=rosa.salazar@eeoc.gov, c=US
Date: 2024.05.21 14:51:42 -07'00'

Rosa Salazar
Acting Local Office Director

# ATTACHMENT 2

## PAGE 1 OF 1

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **555-2023-00040** |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Geronimo Velasco | 510-399-8028 | |

| Street Address |
|---|
| 23480 Nevada Rd |
| HAYWARD, CA 94541 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Pentagon Technologies Group Inc. | 15 - 100 Employees | |

| Street Address |
|---|
| 21031 Alexander CT. |
| HAYWARD, CA 94545 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability | 09/01/2022 | 03/23/2023 |
| | Continuing Action | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on or about November 15, 2021, as a Maintenance Technician.

In or around May 2022, I went was placed on leave due to a disability. In or around September 2022, I submitted a doctor's note clearing me to return to work and request accommodations. On or about September 27, 2022, Respondent stated it could not allow me to return to my original position. Instead, it stated I may be transferred to another position that provided a decrease in pay. Respondent did not provide a reason for why it could not allow me to return to my original position.

I believe I have been denied a reasonable accommodation, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Geronimo Velasco**<br>03/27/2023<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page 1 of 2

# ATTACHMENT 3

## PAGE 1 OF 38

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## OAKLAND DISTRICT OFFICE

Geronimo Velasco                          )

Charging Party,                           )

                                      )

vs.                                       )

                                      )

Pentagon Technologies Group, Inc.)           EEOC Inquiry No. 555-2023-00040

Respondent.                               )        EEOC Charge No. 555-2023-00040

_____)        FOIA Request No. 550-2024-012494

                                       FOIA For Charge No. 555-2023-00040

:               ☒ **REQUEST FOR RECONSIDERATION**

Your Name:    Geronimo Velasco

Address:       23480 Nevada Road

                  Hayward Ca. 94541

*Charging Citation for FOIA PAL is the Agency Record 732 Pages*

*Charging Party's Freedom of Information Act (FOIA) request ("FOIA No.: 550-2024-012494") for Charge No. 555-2023-00040 referenced above is "granted in part and denied in part". All [732] pages of agency records in creation as of 03/24/2023. (The disclosed records are loaded in Online FOIA PAL).*

## I. INTRODUCTION

The circumstances in this matter upon which reconsideration is sought involves issues in the above inquiry number and charge number and is authorized by the Code of Federal Regulations, Title 29, Part 1601 – "Procedural Regulations" and are as follows:

The above "Inquiry Number" contains Charging Party's allegation of race-based discrimination consisting of three legal theories of disparate treatment, disparate impact, and retaliation; disability-based discrimination consisting of three legal theories of disparate treatment, reasonable accommodation, and retaliation; and a claim for "harassment for hostile work environment".

The above "Charge Number" is the formal charge of employment discrimination filed with the EEOC against the named "Respondent" above by Charging Party under the Americans with Disabilities Act of 1990 (ADA). This charge only alleged discrimination based on Disability and only involve issues in "Reasonable Accommodation". The EEOC thereafter dismissed this formal charge by issuing its "Determination and Notice of Right to Sue" on May 21, 2024

## II. RECONSIDERATION SOUGHT

1

**REJECTED CLAIM**: Charging Party is aggrieved because the EEOC investigator "refuse to accept" his allegation of race-based discrimination and its three legal theories, disability-based discrimination and its two legal theories of disparate treatment and retaliation and his claim for "harassment for hostile work environment" by not including in the formal charge referenced above due to being considered outside 300 calendar day statute of limitations (untimely).

Charging Party respectfully request to the commission that the limitation period for these charges that have been rejected should be equitably tolled upon the following grounds:

1. Assuming that the charging party's allegation is filed untimely under the statute, the EEOC investigator "should not refuse to accept the charging party's charges." Instead, the investigator should nevertheless take the charge, dismiss it, and then "issue a notice of right to sue so that the charging party may file in federal court if desired." the limitations period for filing the charges should be equitably tolled.

2. Tolling would be warranted if the EEOC refused to accept a charge because of a mistaken interpretation of the law.

3. The record demonstrate that the charges that the Charging Party attempted to file was rejected through no fault of his own. The contents of a charge questionnaire should be considered because the Charging Party "should not be penalized for the charge's technical shortcomings".

4. Tolling is appropriate because the EEOC investigator misled the charging party about the nature of his rights under Title VII/ADA

2

**ACCEPTED CLAIM/DISMISSED:** the EEOC accept the charge of employment discrimination based on disability in issues in reasonable accommodation only and thereafter issued a determination dismissing these charge. Charging Party is aggrieved because any reasonable person will find reasonable cause that Respondent did engage in unlawful discrimination.

### III. STATEMENT OF THE CASE/FACTS

Geronimo Velasco ("Charging Party" or "CP") Began working at Pentagon Technologies Group Inc. as a Maintenance Technician in November 2021. On October 7, 2022, CP attempted to complete his employment discrimination charges by submitting an online inquiry through EEOC's Public Portal.

To complete his online inquiry, CP had to perform part one – online inquiry from step 1 to 9. *See* EEOC Public Portal User's Guide, Vol. 2 – Submit an Online Inquiry to the EEOC, at 2-6. CP had to identify the employer type and answer the four general questions.

To get started, please tell us what type of employer you believe discriminated against you by choosing one of the following: "business or non-profit organization that he applied to, work for, or worked for"

(1) Timeliness: On what day did the discriminatory action occur? For example, if you claim you were denied a promotion on April 19, 2017 because of your gender, then enter "4/19/2017". If you allege more than one discriminatory action. please enter the most recent date. For example, if you claim you are being continually harassed at work because of your race, enter the date of the most recent act of harassment: CP input "10/07/2022".

3

(2) Reason: I believe I was discriminated against because (check at least one, or as many as apply): CP checked "Race, Disability, Retaliation – I contacted a government agency to complain about job discrimination, Retaliation – I complained to my employer about job discrimination.

(3) Number of Employees: "20 or more employees", (4) Location of Incident: "California"

After performing the steps in part one – online inquiry, a page display where it says, "based on the responses you provided, your situation appears to be covered by the laws that EEOC enforces" CP proceed in part two - online inquiry to complete his online inquiry, CP had to include the Employer's name, contact information, and number of employees, and a description of the adverse actions he experienced. See EEOC Public Portal User's Guide, Vol. 2 – Submit an Online Inquiry to the EEOC, at 8-10.

CP's briefly describes the adverse action that he started to experience harassment, discrimination (race, disability) and retaliation on January 2022, and was continuously and repeatedly experiencing up to that date "October 7, 2022"

CP successfully submitted his online inquiry that day "10/07/2022" and a page display showing the provided inquiry number "555-2023-00040". CP then had to try repeatedly to schedule an intake interview due to the lack of availability. In addition, CP supplemented his online submission during the charge-filing period about his complaint, the written timeline of events, including additional details concerning theories of his allegations in race and disability-based discrimination,

4

and, in substance, retaliation. See EEOC Public Portal User's Guide Vol 3 – Post-Inquiry Tasks. The first interview he was able to obtain, scheduled for March 23, 2023. CP thereafter patiently waited until the day of his scheduled interview. According to CP's note in his intake interview on March 23, 2023:

> the EEOC investigator said that his allegations of the harassment, discrimination and retaliation, specifically before he went on leave, would likely fall outside of their 300-calendar day statute of limitations and they would not be able to investigate those matters because it is considered untimely under the statute they enforce, but they would potentially be able to look at the reasonable accommodation where he is requesting to return to work with accommodation, and they move him to another position.

> That he tell the investigator that he was confused, because all he knew is that he timely filed his complaint because he properly followed the instruction and procedure in submitting his inquiry to EEOC's Public Portal and patiently waited for his interview as required for filing a formal charge, that he thought the statute of limitation stopped when he was able to obtain a schedule for his intake review.

> The EEOC investigator said that in his case, the earliest date of discriminatory incident is January 2022, ideally what happened is there wasn't a flag and he would have been notified by the EEOC if it was getting close to the end of the statute of limitation or he would have been sent out some sort of documents that basically preserving his 300-calendar days of his allegations, but in his case, because in his inquiry that he submitted, he put the date that he sent as October 7, 2022 and generally, under the statute they enforce, <u>they can't really take an exemption/exception by the time they get to the interview.</u>

5

He tried telling the investigator to look at his claim for hostile working environment, retaliation and the continuing violation outlined in his inquiry, but the investigator also considered this as untimely.

At that time, he has a severe psychiatric health condition, Respondent still not returning him to his job, he don't have counsel, unschooled at law, only relying to EEOC's assistance and believing in their expertise in the law they enforce. He believed to the investigator and agree to proceed in completing the filing of the charge in reasonable accommodation portion only under the Americans with Disabilities Act of 1990.

The EEOC draft a document called the charge of discrimination that will serve as a summary of his allegations.

CP made a small correction in the drafted narrative by the EEOC investigator.

On March 27, 2023, the amended charge of discrimination was filed with the EEOC against Respondent, alleging that Respondent denied CP a reasonable accommodation in violation of Title I of the American with Disabilities Act, as amended. The charge first proceeds in EEOC's mediation program that took place in July 20, 2023, but there's no agreement reach so the charge goes back to the EEOC and begin the investigation[1].

On December 5, 2023, the EEOC issues a notice of proposed dismissal to the charge referenced above. (FOIA PAL, p. 334). CP submitted a response on

---

[1] On July 28, 2024, Respondent submits its position statement. (FOIA PAL, p. 316) On September 28, 2023, the EEOC has released to CP a copy of the "Respondent Position Statement". (FOIA PAL, p. 326) On or about October 28, 2023, CP submitted his rebuttal. (FOIA PAL, pp. 707-711) On or about November 29, 2023, CP submitted additional evidence to his rebuttal. (FOIA PAL, pp. 717-732)

December 12-14, 2023[2]. The EEOC investigator stated that the information will be reviewed as part of the EEOC's final determination. (FOIA PAL, at 388, 390)

In January 3, 2024, CP ask the EEOC investigator how to file a new charge of discrimination. The EEOC investigator stated that he may return to the EEOC portal to file a new inquiry and schedule an interview regarding new allegations. On January 4, 2024, CP ask if the new discriminatory event can be added to his charge as amended. In addition, CP ask of how can he avoid the statute of limitation if he file a new charge because if he wait for the scheduled interview again like he did on his first inquiry, it may end up untimely again. On February 5, 2024, the EEOC investigator responded and stated as follows:

> "For allegations which occurred after you filed your charge of discrimination, you would need to file a new charge of discrimination. When filing a new inquiry, <u>one of the questions asked is for the date of the alleged discriminatory action.</u> Please ensure that you <u>place the date of the oldest discriminatory action that occurred</u> after filing your charge so that the EEOC may appropriately track the statute of limitations for your allegations and assist in preserving your right to file a charge within the statute of limitations." (FOIA PAL, at 384)

CP did not file immediately after that for being confused of who's instruction he will follow, since the EEOC investigator instruct him to file his new charge at the EEOC public portal and told him to ensure to place the date of the <u>oldest discriminatory action that occurred,</u> while at the EEOC Public Portal User's Guide, Vol. 2- Step 5, at page 3 "Timeliness- Enter the date you believe the discrimination occurred,

---

[2] Included CP's personnel file, medical documentation, copies of CP's EEOC documents (inquires, charge of discrimination, NRTS, mediation) and correspondence between him and the EEOC, text message correspondence between CP and members of R pertaining to his reasonable accommodation, and re-submitted the documentation provided in his initial rebuttal. (FOIA PAL, p. 28; 2024-05-21 Form 291, 555-2023-00040)

furthermore, the EEOC Public Portal website the instruction in answering Timeliness is "On what day did the discriminatory action occur? For example, if you claim you were denied a promotion on April 19, 2017 because of your gender, then enter "4/19/2017". If you <u>allege more than one discriminatory action</u>, please enter <u>the most recent date</u>. For example, if you claim you are being continually harassed at work because of your race, enter the date of the most recent act of harassment"

On or about April 14, 2024, CP successfully submitted his second inquiry (555-2024-01393) in EEOC's Public Portal. Here, his intake interview was immediately scheduled for April 18, 2024[3] after placing the oldest discriminatory action that occurred in the "timeliness question portion" in public portal's questioner.

On April 16, 2024, The EEOC investigator suddenly called him to informed that EEOC is unlikely to continue further investigation into the charge of discrimination[4] referenced above, additionally, he was ask if he wish to attempt to settle these charge and if not or the EEOC do not hear from him by April 30, 2024, the charge will be submitted for closure processing, in which he will receive his Notice of Right to Sue, (FOIA PAL, pp. 24, 466)

In May 2024, CP asked if he could have his charge amended to include Title VII discrimination based on race (Filipino) and retaliation for purposes of being able to file under Title VII once he receives his NRTS. CP stated his allegations were like and related to the allegations already outlined in his charge (not re-instated to his

---

[3] On April 17, 2024, CP receive voicemail from +1(408) 889-1960 the EEOC in Oakland inform him an availability to schedule his intake interview for April 18, 2024 at 10:30 AM.

[4] On April 23, 2024, CP asked the EEOC investigator if he will receive an explanation why it is unlikely to continue further investigation? (FOIA PAL, p. 395) On April 29, 2024, the EEOC investigator's response say's "please refer to the letter that was sent to him on December 5, 2023.

original position). The EEOC investigator said that he could amend charge of discrimination if based on incidents outlined in the charge since it is like and related to allegations and informed CP that his allegations would run into issues of timeliness if he were to amend his allegations to include new statutes. (FOIA PAL, p. 25)

EEOC investigator said that he can send the amended charge to CP but noted that if CP choose to amend the charge, the date of amended charge of discrimination is the date of when he sign it, which may affect the timeliness of his allegations when proceeding with filing a lawsuit in Federal Court. (FOIA PAL, p. 347) Additionally, investigator said that if CP choose to amend his charge of discrimination, his allegations likely would become untimely due to the date of the amended charge[5] (FOIA PAL, p. 366)

On May 7, 2024, at 2:12 PM, CP send an email to the EEOC investigator (FOIA PAL, p. 431) and stated that "regarding the amended charge Sir, I believe equitable tolling may be appropriate for the race discrimination and retaliation for being timely, I relied before that it was untimely, I also don't know that the time is running when I got a schedule for intake review after I filed my inquiry, my mental capacity is one of the issues as well and unaware of other possible claim. Also a continuing violation are possible in my case, It's just unfair that know I cannot proceed for this claim in federal court because it's not included on the charge. And

---

[5] Investigator also explained that if he sign the amended charge, his charge will still proceed with final determination review and it would not revert to the start of the procedure.

<u>now you will let me amend the charge to include the race and retaliation under Title VII which might end up all being untimely.</u>

CP was informed that if the EEOC did not hear from him by May 15, 2024, CP's charge would proceed with final determination. On May 21, 2024, the EEOC issues its determination and notice of right to sue, dismissing the charge referenced above.

In or around July 2024, Charging Party's Freedom of Information Act (FOIA) request ("FOIA No.: 550-2024-012494") for Charge No. 555-2023-00040 referenced above is "granted in part and denied in part". All [732] pages of agency records in creation as of 03/24/2023. (The disclosed records are loaded in Online FOIA PAL).

## II.   ARGUMENT

### A. THE LIMITATION PERIOD FROM THE REJECTED CHARGES SHOULD BE EQUITABLY TOLLED.

The Commission should equitably toll the limitations period for CP's charges that have been rejected due to being considered outside 300 calendar day statute of limitations (untimely). Evidence indicates that CP tried diligently to preserve his claim by timely filing his charges within the 300-calendar day, however, EEOC investigator prevented him from satisfying this condition precedent to suit by refusing to accept the charge, if it's true, this evidence would establish that equitable tolling is appropriate in this request. CP should not be precluded from pursuing her lawsuit by any failure to file a timely charge.

10

The Law that Should Apply:  29 C.F.R. § 1601.18 states "If a charge and every portion thereof is not timely filed, or otherwise fails to state a claim under title VII, and the ADA, the Commission shall dismiss the charge. The dismissal shall include a notice of rights informing the person claiming to be aggrieved of the right to sue in Federal district court within 90 days of receipt.

EEOC's website about "Filing A Charge of Discrimination" available at https://www.eeoc.gov/filing-charge-discrimination, states that the "EEOC require the agency to accept charges alleging employment discrimination.  If the laws do not apply to your claims, if the charge was not filed within the  law's time limits, or if the EEOC decides to limit its investigation, the EEOC will dismiss the charge without any further investigation and notify you of your legal rights."

1. **Assuming that the charging party's allegation is filed untimely under the statute, the EEOC investigator "should not refuse to accept the charging party's  charges." Instead, the investigator should nevertheless take the charge, dismiss it, and then "issue a notice of right to sue so that the charging party may file in federal court if desired." the limitations period for filing the charges should be equitably tolled.**

EEOC Compliance Manual, Sec. 2: Threshold Issues, 2-1 Overview & n. 5. states "when a charge is filed with the Commission within the charge-filing period, the EEOC instructs its investigators that even if they believe the individual's allegations do not satisfy threshold requirements for coverage under Title VII/ADA, investigators "should not refuse to accept a charge." The investigator may advise the individual that her allegations might not add up to a Title VII/ADA claim, but

11

investigator should nevertheless take the charge, dismiss it, and then "issue a notice of right to sue so that the charging party may file in federal court if desired." since CP assert that the investigator here did refuse to accept his charges, CP should not be penalized for failing to satisfy the timeliness requirement, In such circumstances, EEOC's view's is that the limitations period for filing the charge should be equitably tolled[6].

Evidence that the EEOC Investigator "refuse to accept" the Charges: CP bears the burden of showing that tolling is appropriate, to carried this burden, CP referred the investigator's written statement in it's report from the records in the charge file as follows:

- EEOC Investigator Intake Interview March 23, 2023. (FOIA PAL, p. 17) CP was **DI'ed** on harassment and retaliation allegations due to being outside 300 calendar day statute of limitations.
- EEOC Investigator Memorandum, Date: May 6, 2024; (FOIA PAL, p. 25) CP was reminded at intake regarding being **DI'ed** at intake regarding harassment and retaliation allegations being untimely.
- EEOC Investigator Memorandum, Date: May 6, 2024; (FOIA PAL, p. 26) CP asked again why his allegations were not considered for Title VII. CP was reminded that CP was **DI'ed** on allegations that CP shared were based on race and retaliation.

---

[6] https://www.eeoc.gov/sites/default/files/migrated_files/eeoc/litigation/briefs/chavez.html#_ftn1

For being confused, CP asked the investigator for the meaning or abbreviation of the word **"DI'ed"** in the above statement, see CP's correspondence with the investigator in July 10, 2024 as follows:

- o <u>CP's Message Through Email To EEOC Investigator; July 10, 2024</u>
  Sir Good Morning, I just want to ask what does it mean on your statement in the record of interview about the word **(DI'ed)** or what is the meaning of this abbreviation, I just receive my <u>FOIA request</u> and I am confused what the words mean in your report. Thank you Sir.

- o <u>EEOC Investigator Response To CP; July 10, 2024</u>
  Good afternoon Mr. Velasco, The <u>abbreviation</u> means you were informed the EEOC would not pursue investigation. For example, you were informed the EEOC would not investigate your allegations of race.

- o <u>CP's Message Through Email To EEOC Investigator; July 10, 2024</u>
  Good Afternoon Sir Patrick, Sir so that's the meaning of the <u>DI'ed</u> in your statement, it's not dismissed right, it's like the charge for race and retaliation that I'm attempting to file was being refused to accept because of being untimely.

Here, the record contains sufficient evidence that CP charges as stated above was refused to accept by the EEOC investigator and did not dismissed the charges and did not issue a right to sue from these charges. the EEOC investigator did not follow its own regulations when it failed to dismissed the charges and did not issue a right to sue. . See <u>Citicorp Person-to-Person Financial Corp.</u> v. <u>Brazell,</u> 658 F.2d 232, 234 (4th Cir. 1981) ("[A] clear violation of [a] regulation by [the] EEOC might warrant the finding of a tolling effect.")

13

**2. Tolling would be warranted if the EEOC refused to accept a charge because of a mistaken interpretation of the law.**

Although the EEO statutes provide that a charge must be filed within 180/300 days of the date of the alleged violation, the limitations period is subject to equitable tolling, equitable estoppel, and waiver. For example, tolling would be warranted if an individual relied on an erroneous filing deadline presented by the EEOC or a FEPA or if the EEOC or a FEPA refused to accept a charge because of a mistaken interpretation of the law[7].

In such circumstances, the EEOC offers its views. See Fed. R. App. P. 29(a)(2). Brief of the EEOC as Amicus Curiae in Chavez v. Credit Nation Auto Sales, Inc., No. 1:13–cv–312–WSD–JCF. (Submitted Feb 14, 2014), it is essentially uncontested that the EEOC mistakenly refused to accept an otherwise timely charge proffered by Chavez. Accordingly, Chavez could not satisfy this condition precedent, despite her best efforts to do so. The EEOC respectfully urge the Court to hold that under the circumstances of the case, the limitations period for Chavez's Title VII charge should be equitably tolled, both as a matter of fairness to Chavez and as a means of securing enforcement of the law[8]. See also McKee v. McDonnell Douglas Technical Services Co., 700 F.2d 260 (5th Cir. 1983) ("the court determined that if the EEOC turned away a complainant from filing a timely Title VII charge

---

[7] https://www.eeoc.gov/laws/guidance/section-2-threshold-issues#2-IV-D-1
[8] https://www.eeoc.gov/sites/default/files/migrated_files/eeoc/litigation/briefs/chavez.html

despite EEOC's self-assumed duty under § 1601.6 to render assistance, equitable tolling would apply").

In Jennings v. American Postal Workers Union, 672 F.2d 712 (8th Cir. 1982), the plaintiff alleged that the EEOC refused to accept her complaint on the ground that it lacked jurisdiction over the charge, and the defendant asserted that her later-filed complaint should be dismissed as untimely. The court held that, if the district court found that the facts alleged by the plaintiff were true, "her charge should be deemed timely" particularly where, as here, the records contains sufficient evidence that CP attempted to file a charge but the EEOC refused to accept it. An uncounseled plaintiff should not be penalized for the EEOC's mistake of law." Id. at 715. The principles of equitable tolling would apply.

### 3. The EEOC has failed, in violation of its own regulations, to defer CP's charges to the appropriate state agency.

In Seredinski v. Clifton Precision Products Co., 776 F.2d 56, 64 (3d Cir. 1985) ("the EEOC has failed, in violation of its own regulations, to defer the plaintiff's charge to the appropriate state agency, and the plaintiff is thus deprived of the opportunity in a timely manner to fulfill the requirement that proceedings be commenced and terminated in the state deferral agency before her charge can be deemed filed with the EEOC, there is ample ground for equitably tolling the limitation period to afford the plaintiff an opportunity to attempt to meet this prerequisite to suit.") Here, CP's charges was initially filed with EEOC and his charges is also covered by the state of California, the EEOC dual files the charges

15

with the state or local FEPA, since the investigator refuse to accept his charges, there had been no filing with or referral to the state agency which is the California Department of Fair Employment and Housing (DFEH) charged with enforcing the California anti-discrimination statute. See White v. Dallas Independent School District, 581 F.2d 556 (5th Cir. 1978) (en banc), (the district court dismissed the plaintiff's claim for lack of jurisdiction because she had failed to exhaust her state remedies. There had been no filing with or referral to the state agency charged with enforcing the Texas anti-discrimination statute. Both the plaintiff and the EEOC argued that the EEOC's failure to defer the charge should not be chargeable to the plaintiff — that she should not be penalized for the federal agency's failure to follow its own rules); See also Kocian v. Getty Refining Marketing Co., 707 F.2d 748, 752-53 and ns. 4 8 (3d Cir.), cert. denied 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983) (suggesting that the EEOC's failure to comply with its own regulations requiring deferral to state agency would constitute grounds for equitable tolling in Title VII action)

**4. The record demonstrate that the charges that the Charging Party attempted to file was timely but rejected through no fault of his own. The contents of a charge questionnaire should be considered because the Charging Party "should not be penalized for the charge's technical shortcomings".**

Title VII and the Americans with Disabilities Act (ADA) , require charging party to file a charge with the EEOC before the charging party can file a lawsuit for unlawful discrimination within 180 calendar days from the day the discrimination

took place. The 180-calendar day filing deadline is extended to 300 calendar days if a state or local agency enforces a law that prohibits employment discrimination on the same basis. 42 U.S.C. § 2000e-5(e). A Charge of Discrimination can be completed through the EEOC's Public Portal after an individual submit an online inquiry and an interview with the EEOC staff. 29 C.F.R. § 1601.8. The first step in the online process of filing a charge with the EEOC is to submit an inquiry.

CP had 300 days in which to file his EEOC charge because CP is living in the state of California which prohibits employment discrimination on the same basis. Here, the record contains sufficient evidence that CP filed his charge within that 300-day period. In CP's record "Inquiry Information"[9], CP's submission (initial inquiry) date: 10/07/2022, CP briefly describes in the "adverse action" that he started to experience harassment, discrimination (race, disability) and retaliation between January 2022, and up to that day "October 7, 2022". (FOIA PAL, p. 491). See also CP's "Supplemental Information" (FOIA PAL, pp. 492-494) In this case, record shows that CP filed his charge within that 300-day period.

CP satisfied the steps required in submitting an online inquiry to EEOC's Public Portal, In EEOC Public Portal User's Guide, Vol. 2 and website in the public portal, CP do not encounter any of the following warning nor any notice that will informed him that one or two of the alleged discrimination basis and theories was

---

[9] See (FOIA PAL, pp. 489-494)

getting close to the end of the statute of limitation neither he receive would some

sort of documents that basically preserving his 300-calendar days of his allegations

> - Step 5, at 3, "The assessment may end early if it detects an answer indicating the EEOC may not be able to help you. In that event, a reason will display as to why the assessment ended and a list of additional resources will be provided that you can contact."

> Step 7, at 5 "The next page will let you know if you may continue the online inquiry process. Anti-discrimination laws give you a limited amount of time to file a charge of discrimination (typically 180 or 300 days from the date the discrimination occurred, depending on the law and state in which the discrimination occurred), and your answers help to determine if you have enough time left to file. If your time to file has not run out, you will be able to select the Next button to continue"

> Citing 2 "If your time has run out, you may still file a charge with EEOC in person, although EEOC may not be able to assist you and will be required by law to notify your employer that the charge was filed.

> Step 13, at 10."Select the Submit button to submit the inquiry. The EEOC will evaluate your information and advise you on what they can do to assist you".

Here, evidence shows that if CP's information provided in his submission in the inquiry, CP will not continue to successfully submit his inquiry. Based upon the EEOC's instructions and its interpretation of the charge filing procedures, CP reasonably believe that he had taken all of the required steps to satisfied the charge filing requirements, CP's charges being considered as untimely  arose from the EEOC's misconduct which is a circumstance beyond CP's control and constitutes excusable neglect for CP's failure to file a timely charge. As such, CP's charges should be equitably tolled. See Finley, 1998 WL 26156, at *5 ("concluding that the contents of a charge questionnaire should be considered because the plaintiff "should not be penalized for the charge's technical shortcomings"); Wilson v. St. Louis-San Francisco Railway, 673 F.2d 1152, 1153 (10th Cir. 1982) (tolling

appropriate when EEOC failed to inform plaintiff how to preserve his rights under Title VII)

In " Price v. Sw. Bell Tel. Co., 687 F.2d 74, 79 (5th Cir. 1982) the court held that it would not be unreasonable for Price, unschooled in the law and without the aid of counsel, to take no further action during the limitation period in the belief that she had done that which was required of her. Like Price, it would not be unreasonable for CP as well, CP relied that he had done which was required of him.

The EEOC investigator did not explain why it assessed CP's claim that was rejected on the ground that it was untimely.

In this case, Based on the record in the charge file, (Inquiry Information), the submission (Initial Inquiry) Date: 10/07/2022, the Date of Incident (Approximately):10/07/2022, (FOIA PAL, p. 491) Here, record shows that it has the same date, this is because at the time CP submit his online inquiry, in the portion where the question are "If you indicate more than one discriminatory act. please enter the latest date. For example, if you claim that you are being harassed at work because of your race, enter the date of the most recent act of harassment" since CP was actively experiencing discrimination at that time, CP input "10/07/ 2022 " as the latest date as stated in the instruction.

For this reason, the system only detects what date was inputted and doesn't detect the date of other discriminatory act alleged, in CP's case, the system don't give any notice or informed him of any action that he needs to preserve his other claim, the system only instruct CP to make a schedule interview, which the earliest available schedule is March 23, 2023. CP thereafter waited for the scheduled interview, but neither the Public Portal nor the EEOC or any of its website that have an instruction or issues pertaining to the question in Timeliness. For this reason, at

19

the time CP had his intake interview, The EEOC investigator considered most of his charges untimely under the statute

This argument support CP's correspondence with the investigator as stated above, where the investigator instruct him on his filing of the second online inquiry to make sure to place the oldest discriminatory act occurred when ask in the timeliness portion which is contrary to what was the instruction in the public portal website that says "enter the most recent discriminatory act. For this reason, CP should not be penalized for failing to satisfy the timeliness requirement. Instead, the limitations period for filing the charge should be equitably tolled.

## 5. Tolling is appropriate because the EEOC investigator misled the charging party about the nature of his rights under Title VII/ADA

29 C.F.R. § 1601.6 (1981) states: "The Commission shall receive information concerning alleged violations of Title VII from any person. Where the information discloses that a person is entitled to file a charge with the Commission, the appropriate officer shall render assistance in the filing of a charge." Here, CP asserted that instead of giving him assistance, the EEOC investigator misled him about the nature of his right and prevented him from asserting his rights"

the EEOC misled him by telling him that his charges is considered untimely and under the statute they enforce, they can't really take an exemption/exception by the time they get to the interview. When the EEOC told him that they would potentially be able to look at the reasonable accommodation where he is requesting the return to work with an accommodation, and they move him to another position, the investigator only informed him that this is only in issue on reasonable accommodation. See Santos v. Rush-Presbyterian-St. Luke's Medical Center, 641 F.

20

Supp. 353, 359 (N.D. Ill. 1986) (""every demotion could be turned into a continuing violation merely by pleading that plaintiff had continued to protest unsuccessfully.")

Here, the investigator agree to amend race and retaliation but will result in all of the charges being untimely. CP was prevented for asserting his rights.

## B. THE DETERMINATION OF NO CAUSE IS AN OBVIOUS ERROR

### 1. **Determination and Notice of Rights; 2024-05-21 NRTS 555-2023-00040 (FOIA PAL, p. 30)**

On May 31, 2024, the EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violation of the statute. The notice of right to sue is the official notice from the EEOC of the dismissal of the charge 555-2023-00040 and your right to sue. CP will presented evidence based on the charge file and investigation procedure.

**The Law that Should Apply**. The EEOC states that when a charge is filed against an employer or other entity (referred to as the Respondent), the EEOC will notify the Respondent within 10 days.[10]

Preservation of Records Requirement. When a Charge has Been Filed The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR

---

[10] https://www.eeoc.gov/employers/what-you-can-expect-after-charge-filed

21

§1602.14. For more information on your obligation to preserve records, see http://eeoc.gov/employers/recordkeepiug.cfrn.

Fact-Based Position Statement. The Respondent may be asked to submit a statement of position. This is an opportunity for Respondent to tell its side of the story and raise any factual or legal defenses to the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's

Request for Information.[11] The RFI may ask the Respondent to submit personnel policies, Charging Party's personnel files, the personnel files of other individuals and other relevant information. EEOC is entitled to all information relevant to the allegations contained in the charge and has the authority to subpoena such information. By law, employers are required to keep certain documents for a set period of time.

2. **EEOC Charge No. 555-2023- Investigators Reason: From: PATRICK GHEORGHE, Monday, April 29, 2024 6:46 AM (FOIA PAL, p. 336)**

For the reason why the EEOC will unlikely be able to establish a violation, please refer to the letter that was sent to you on December 5, 2023. I've attached the letter to this email for reference. The Respondent did not return you to your original position during the period due to financial hardship it incurred during that period. The EEOC reviewed the additional information you provided and obtained

---

[11] https://www.eeoc.gov/employers/what-you-can-expect-after-charge-filed

additional information, however, the information was insufficient to show that Respondent's reason for its employment action was pretext for discrimination.

### 3. CP EVIDENCE PRESENTED FROM FOIA REQUEST "AGENCY RECORDS"

The Charging Party offered its evidence from the records in the charge files to support his arguments that the determination of no cause is an obvious mistake, From 732 pages from the charge file, CP will attach specific documents and will mark this as Attachment A, B, C …. this records are in EEOC's possession.

Attachment A - Amended Charge of Employment Discrimination See (FOIA PAL, p. 1)

Attachment B – Notice of Charge to Respondent (FOIA PAL, p. 8)

Attachment C – Respondence RFI Response May 8, 2023 - 555-2023-0040. (FOIA PAL, p. 319)

Attachment D - – EEOC 7-28-23 Respondent Position Statement. (FOIA PAL, p. 316)

Attachment E – CP Rebuttal to Respondent Position Statement Response (FOIA PAL, pp. 707-711)

Attachment F – 2024-02-29 Request for Information 555-2023-00040, (FOIA PAL, p. 23)

Attachment G - EEOC RFI Response 4-7-2024, Respondent Response to RFI request in 2024-02-29. (FOIA PAL, pp. 314-315)

CP believe that the Commission can review such evidence in the interest of judicial economy, The "determination of no cause." made an obvious mistake.

Records Provided By Respondent is not from Payroll Records, A Pretext in all Respondent Statement is obviously conflicting. Any reasonable person can see that probable cause exist showing that Respondent did engage in unlawful discrimination.

## ACTIONS THAT EEOC SHOULD TAKE IN THIS
## REQUEST FOR RECONSIDERATION

For the reasons stated above, the Commission should:

☒ the limitation period from the rejected charges should be equitably tolled

☒ reconsider a determination of no reasonable cause, issue a notice of intent, vacate the determination, but shall not revoke the charging party's right to sue within 90 days and issue a new determination

☒ the Commission can review such evidence in the interest of judicial economy

24

## CERTIFICATE OF SERVICE

I certify that on **August 16, 2024,** this brief was submitted via email to oaklgov@eeoc.gov with the EEOC's Oakland Local Office and uploaded, via the EEOC Public Portal.

Geronimo Velasco

# ATTACHMENT A

dEOC Rm ; (1i/09)

| A.MENDED CHARGE OF DISCRIMTNATION<br><br>This fonn is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other infonnation before completing this fonn. | Charge Presented To:<br><br>EEOC<br><br>FEPA | Ageucy(ies) Charge No(s):<br><br>**555-2023-00040** |
|---|---|---|

| California Department o r Fair Employment & Housing | and EEOC |
|---|---|
| *State or lo ol Agency, i fllly* | |

| Name: (indi<ute Air., Ms., ].Jr . kllss. Air. D r-, Hon., Re,,.)<br><br>Geronimo Velasco | Hom!= Phon:<br><br>510-399-8028 | Ya, ofBinh |
|---|---|---|
| Street Address<br><br>23480 Nevada Rd<br><br>HAYWARD, CA 94541 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenliceship Committee, or Stare or Local Govemment Agency That r Believe Discriminated Against Me or Others. *f more lhrul fll'o, list rmder PARTICULARS below.)*

| Name<br><br>Pentagon Technologies Group Inc. | No. Employees. Members<br><br>15 - 100 Employees | Phone No. |
|---|---|---|
| Street Address<br><br>21031 Alexander CT.<br><br>HAYWARD, CL 94545 | | |
| Name | No. Ealjlloycs, Members | Phone No. |
| StrCI Address | Cit,. Stat" and ZiP Code | |

| DISCRCMINATION 8ASED CN<br><br>Disability | 0ATE(S) DISCRIMINATION TOOK PLACE<br><br>Earliest                     Lalcsl<br>09/01/2022              03/23/2023<br><br>Continuing Action |
|---|---|

THE PARTICULARS ARE (L(additional paper is needed, aloch extra shccr(s)):

I was hired by Respondent on or about November 15, 2021, as a Maintenance Technician.

In or around May 2022, I went was placed on leave due to a disability. In or around September 2022, I submitted a doctor's note clearing me to return to work and request accommodations. On or about September 27, 2022, Respondent stated it could not allow me to return to my original position. Instead, it stated I may be transferred to another position that provided a decrease in pay. Respondent did not provide a reason for why it could not allow me to return to my original position.

I believe I have been denied a reasonable accolmnodation, in violation of Title 1 of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When ne,emI1y.(or Sme and Lo,al Ilgency RcqlIiremeIIIs |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br> Digitally Signed By: Geronimo Velasco<br><br>03/27/2023 | I swear or aftinn that I have read the above charge and that it is true to the besl of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SU8SCR.03ED    AND    SWORN    TO    8EFOR£    ME    nus    DATE<br>*(month, day. year)* |
| *Charging Pony Sig.l0lllre* | |

ATTACHMENT B

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Oakland Local Office
1301 Clay Street, Suite 680-N
Oakland, CA 94612
(510) 956-0004
Website: www.eeoc.gov

## <u>NOTICE OF CHARGE OF DISCRIMINATION</u>

(This Notice replaces EEOC FORM 131)

04/02/2023

**To:** Pentagon Technologies Group Inc.
21031 Alexander CT.

HAYWARD, CA 94545

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Geronimo Velasco under: The Americans With Disabilities Act of 1990 (ADA). The circumstances of the alleged discrimination are based on Disability, and involve issues of Reasonable Accommodation that are alleged to have occurred on or about 03/23/2023.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1.  Access the EEOC's secured online system at (b) (7)(C)
2.  Enter this EEOC Charge No.: 555-2023-00040
3.  Enter this password: (b) (7)(C)

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to OAKLGOV@eeoc.gov.

**ATTACHMENT C**



**PENTAGON**
TECHNOLOGIES

May 8, 2023

US Equal Employment Opportunity Commission
Oakland Local Office
1301 Clay Street, Suite 680 - N
Oakland, Ca 94612

RE:    EEOC Claim 555-2023-0040
       Geronimo Velasco

Dear US Equal Employment Opportunity Commission,

Mr. Velasco did verbally decline the offer and at the time he verbally decline the offer he did ask this question to me. My response was not as detailed as below, but I communicated to him that due to a decline in our business we do not have any openings as a maintenance technician. The only opening we currently have is in the LAM Cleanroom Technician on the day shift. Should you believe that you are qualified for any other opening that we have either posted internally on our website or internal posting or on Indeed, please let me know and we can set-up an interview with the hiring manager.

To provide more detail, Pentagon Technologies Group, Inc. ("Pentagon") is in business of cleaning semiconductor parts, with its Hayward facility primarily servicing LAM Research, Applied Materials, Intel, and their related machine shops. The semiconductor market, our customers and Pentagon in May were all forecasting that the market would remain flat through the remainder of the year. Pentagon's Hayward facility had $4.7M in revenue in May. Subsequent May Pentagon had a steady revenue decline to $3.2M in December and further decline to $2.2M in April 2023, with both LAM Research and Intel announcing significant declines in revenue at their shareholder meetings in consecutive quarters since July 2022.

Since prior to July 2022, Pentagon has not hired a maintenance technician and in fact the department has reduced in size from 5 and 1/2 maintenance technicians in July 2022 to 2 maintenance technicians currently with no plan on hiring additional technicians.

Mr. Velasco was offered an alternative position in September (see attached), that he declined. As we did not have maintenance position available for him, this was the only position that we had available that he was qualified to perform.

At the time of injury Mr. Velasco was earning $24.50/hr. when working day shift with a 10% shift differential when working swing shift and a 15% shift differential when working the graveyard shift. The offer made to Mr. Velasco for the Lam Cleanroom position was above the untrained starting wage of $18/hr. for this position.

Should you have any additional questions, please don't hesitate to contact me.

Sincerely,

Dave Havlik
CFO
510-303-7317

RE: Geronimo Velasco

We unsuccessfully tried to mediate this case.

Between the time that I prepared for the case and the mediation, Pentagon had a change in Plant Manager and Maintenance Manager.  They decided that they did need to hire additional Maintenance Technicians and I was not aware of this as the new Maintenance Manger did not post the position, but hired someone he was already familiar with.  The new person started on July 10th, just days after the decision to hire an additional person was made.  Mr. Velasco was obviously aware of this and I was not so the negotiations did not go well.

As soon as I was off of the EEOC call, I validate that we hired a Maintenance Technician and discovered that we had an additional opening I offered the position to Mr. Velasco and enclosed a check for the time period between when he should have started (July 10th) and the start offered start date (July 31st).  Due to a medical condition, Mr. Velasco is not able to start on July 31st but did provide a doctor's note that has him released to full duty on Saturday August 19th. Mr. Velasco has voluntarily returned the original check, and Pentagon has reissued a check for the period July 10th to July 20th for the time he was able to work.

Please see the uploaded two letters detailing the offer.

Thank you,

Dave Havlik

**ATTACHMENT E**

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| **GERONIMO VELASCO**<br>**Complainant,** | |
| | **Charge No.: 555-2023-00040** |
| **PENTAGON TECHNOLOGIES,**<br>**GROUP, INC.**<br>**Respondent.** | |

# INTRODUCTION

On September 28, 2023, the EEOC released to me the copy of respondent position statement, The EEOC gives me an opportunity to response no later than 30 days which is today October 28 to provide any additional evidence or information that I have not already provided to support my case, unfortunately, due to my mental impairment and ongoing discriminatory events from respondent, I was not able to provide all the information and evidence that I am submitting. For this reason, I am personally requesting an extension, even a few more days for me to be able to present all the information and evidence and recent events that will support my case. I also emailed the investigator and Oakland office about this request today. This is my brief summary in responding to respondent position statement.

### A. The Charge

In this case, the primary issue in the dispute is the narrative in the amended charge of employment discrimination filed against the respondent and the allegation focuses about the "issue in returning to back to the original position and the requested accommodation" that I believe the respondent violated the ADA under title I. the narrative of the charge is as follows:

> In or around May 2022, I went was placed on leave due to a disability. In or around September 2022, I submitted a doctor's note clearing me to return to work and request accommodation. On or around September 27, 2022, Respondent stated it could not allow me to return to my original position. Instead, it stated I may be transferred to another position that provides a decrease in pay, Respondent did not provide a reason for why it could not allow me to return to my original position.

After the charge of employment discrimination was filed, both me and the respondent were being invited to participate on EEOC's mediation program prior to EEOC's investigation, The EEOC's mediation program is voluntary so if either party declines to participate in mediation, the charge will be processed just like any other charge by the EEOC which part of these process is to request that respondent submit a position statement and documents supporting its position to the

ATTACHMENT E

charge. If both parties agree to mediate, which in this case both me and the respondent agrees, the case is removed from the investigation unit, and the EEOC's Alternative Dispute Resolution (ADR) unit will be scheduling a date for mediation.

### B. Respondent Position Statement

If a charge is not resolved during the mediation session and ends up unsuccessful, the charge is returned to an investigative unit, and is processed just like any other charge. In this case, our mediation session at that time was unsuccessful which means that respondent must submit its position statement to the charge. The EEOC advises respondents to focus their position statements on the facts relevant to the charge of discrimination and to identify the specific documents and evidence supporting its position. On September 28, 2023, the EEOC released to me a copy of the "Respondent Position Statement.". in its position statement respondent representative stated that they unsuccessfully tried to mediate the case. the narrative of the position statement is the following explanation of respondent representative why the mediation was unsuccessful:

> Between the time that I prepared for the case and the mediation, Pentagon had a change in Plant Manager and Maintenance Manager. They decided that they did need to hire additional Maintenance Technicians and I was not aware of this as the new Maintenance Manger did not post the position, but hired someone he was already familiar with. The new person started on July 10th, just days after the decision to hire an additional person was made. Mr. Velasco was obviously aware of this and I was not so the negotiations did not go well.

> As soon as I was off of the EEOC call, I validate that we hired a Maintenance Technician and discovered that we had an additional opening I offered the position to Mr. Velasco and enclosed a check for the time period between when he should have started (July 10th) and the start offered start date (July 31St). Due to a medical condition, Mr. Velasco is not able to start on July 31st but did provide a doctor's note that has him released to full duty on Saturday August 19th. Mr. Velasco has voluntarily returned the original check, and Pentagon has reissued a check for the period July 10th to July 20th for the time he was able to work.

> Please see the uploaded two letters detailing the offer.

For this reason, the EEOC gives me an opportunity to respond, and this is my brief summary rebuttal to respondent position statement pointing out specific facts and my explanation why I believe that respondent has no evidence to support its defense to the allegations of the charge and I am entitled to EEOC's determination that there is reasonable cause to believe that intentional discrimination takes place. Additionally, I believe that respondent makes a material misrepresentation during the course of an EEOC investigation.

### C. Brief Summary Rebuttal to Respondent Position Statement

### 1. Respondent did not follow the EEOC's guidelines in "Effective Position Statement,"

According to EEOC, the "respondent position statement" is for the employer's response that "focused on the allegations to an EEOC charge." Here, evidence shows that "respondent position statement" is only focused on explaining why the mediation session that took place was unsuccessful. For this reason, the EEOC may conclude that "respondent" has no evidence to support its defense to the allegations of the charge.

### 2. Respondent Breached the Mediation Agreement in Confidentiality

According to EEOC, if the charge is not resolved during mediation, the information revealed during the mediation session cannot be disclosed to anyone including other EEOC personnel. Therefore, it cannot be used during any subsequent investigation because the entire mediation process is strictly confidential. For this reason, the respondent position statement submitted is evidence that respondent breached the mediation agreement in confidentiality.

### 3. Respondent Representative (Decision Maker Motive-Credibility)

In this case, the person representing the respondent in this dispute is respondent's "Chief Financial Officer" (CFO or David Havlik) who is a "high rank officials" of respondent treated as the organization's proxy.". who is in charge in the HR when it comes to legal and workers compensation matters. (Doc. 3, p.3) and responsible for all major corporate decisions and hold the primary decision-making power in the company. It is my belief that CFO or David Havlik, is a top-level executive with a certain degree of experience, as well as being equipped with advanced educational designations and professionals experience.

### 4. The True Intention and Motive (Direct Evidence)

Direct evidence is evidence that proves a fact without resort to inference or presumption and consist of statements of discriminatory intent. In this case, there was no doubt that the main issue alleged in the charge is about the issue respondent is not returning me to work to my original position. prior to the notice of charge the respondent received from the EEOC in or about April 2023, respondent was aware of this main issue since September 2022 last year because an APPLICATION FOR DISCRIMINATION PURSUANT TO LABOR CODE SECTION 132a was filed against them at the WCAB which the narrative alleged is similar to the narrative in this charge with the EEOC, under the 132a narrative, it stated that "Applicant was returned to his regular duties by his primary treating physician on 09/09/2022. The Employer failed to return the Applicant to his regular duties. The Applicant's position is still available. Instead, the Employer offered an alternative job that pays less than his regular duties". based on this evidence, there was no doubt that respondent was aware of what is the primary issue that they will be focusing in this charge

According to David Havlik's testimony, he stated that the reason why the mediation session is unsuccessful is because I was aware that they hired additional maintenance technician, and he was not aware of this, so the negotiation did not go well. He further stated that after our mediation session, he validates and discovered that they do hired a Maintenance Technician and discovered that they had an additional opening, so he offered the position to me. This testimony makes it clear

that this issue was brought up during the mediation and was no doubt that David Havlik denied any opening in the job position as his reason for not being able to return me to work in my original position.

David Havlik is right that I am aware that they hired a Maintenance Technician during our mediation session, because 2 or 3 days before our mediation I open the paycom app (payroll app for employee) and check my status as an employee which I see my status as inactive, then I see that there was 2 to 3 new hired maintenance technician in the maintenance department in hayward location, this facts makes it clear that when David Havlik denied any opening in the position, I tell the mediator that I have an evidence that they hired maintenance technician before first offering this position or returning me to the position that I originally hold. And because David Havlik stood by what he said to the mediator and I stood by what I said that I have evidence, the mediator decided to end the mediation session and let the case go back to the EEOC to start investigating the charge. In this case, evidence cannot lie that respondent has no plan or any intention to offer my original job position or plan on returning me back to work and no plan on discussing any available reasonable accommodation that they can provide based on my disability during the mediation session. The job position is available since last year but denied my entitlement of returning me in the position, and it was only offered because David Havlik was not expected that there would be evidence to prove the lying and deception.

### 4. Respondent Material Misrepresentation During the Course of an EEOC Investigation

According to EEOC, if they discover that an employer or a charging party has lied during the course of an investigation, that fact may influence the investigation's outcome. It may also affect the outcome of litigation or may be used at trial to discredit a witness. Additionally, The EEOC states that making a material misrepresentation during the course of an EEOC investigation could be considered a punishable crime under 18 U.S.C. Section 1001. The requirement that the misrepresentation be "material" is met if the statement has the "natural tendency to influence or [is] capable of influencing, the decision of the decision-making body to which it is addressed." U. S. v. Gaudin, 515 U.S. 506, 510 (1995). (A lie can still be "material" even if it fails to persuade the decisionmaker to reach a different conclusion in the case. For the reasons discussed above, the person representing the respondent in this dispute is respondent's "Chief Financial Officer" (CFO or David Havlik) who also prepared the respondent position statement, It is my believe that is why he is a top-level executive in the company and chosen to represent the company because of his certain degree of experience, education and knowledge so when he says that he "prepared" for the case and the mediation, this means that he review and validate all relevant information in the main issue in the charge and cannot deny he was not aware after being caught lying. There was also a discrepancy in its position statement where he stated that the maintenance manager did not post the position but hired someone he already knew. But on the two letters he uploads, he stated that they did in fact post the position.

The government may prove that a false statement was made "knowingly and willfully" by offering evidence that defendants acted deliberately and with knowledge that the representation

was false. See United States v. Hopkins, 916 F.2d 207, 214 (5th Cir. 1990). The jury may conclude from a plan of elaborate lies and half-truths that defendants deliberately conveyed information they knew to be false to the government. Id. at 214-15. As used in the statute, the term "knowingly" requires only that the defendant acted with knowledge of the falsity. See United States v. Lange, 528 F.2d 1280, 1287-89 (5th Cir. 1976). As in other situations, to commit an act "knowingly" is to do so with knowledge or awareness of the facts or situation, and not because of mistake, accident or some other innocent reason. See Fifth Circuit Pattern Jury Instructions, § 1.35 (1990). Knowledge of the criminal statute governing the conduct is not required.

A defendant is not relieved of the consequences of a material misrepresentation by lack of knowledge when the means of ascertaining truthfulness are available. In appropriate circumstances, the government may establish the defendant's knowledge of falsity by proving that the defendant either knew the statement was false or acted with a conscious purpose to avoid learning the truth. See United States v. West, 666 F.2d 16, 19 (2d Cir. 1981); Lange, 528 F.2d at 1288; United States v. Clearfield, 358 F. Supp. 564, 574 (E.D. Pa. 1973)

The false statement need not be made with an intent to defraud if there is an intent to mislead or to induce belief in its falsity. Reckless disregard of whether a statement is true, or a conscious effort to avoid learning the truth, can be construed as acting "knowingly." United States v. Evans, 559 F.2d 244, 246 (5th Cir. 1977), cert. denied, 434 U.S. 1015 (1978). Proof that the defendant acted with reckless disregard or reckless indifference may therefore satisfy the knowledge requirement, when the defendant makes a false material statement and consciously avoids learning the facts or intends to deceive the government. See United States v. Schaffer, 600 F.2d 1120, 1122 (5th Cir. 1979).

The questions here is David Havlik as the CFO of the company and chosen to represent the company in legal matters (1) knew what must be included when submitting its position statement. **Yes.** (2) did he also know the confidentiality agreement when he agreed to participate and signed the agreement. **Yes** (3) for example, the mediation did not occur in this case, can he defend the alleged issue in the charge in the position statement. **No** (4) for example, during our mediation, If I am not aware that they hired maintenance technician before offering the position with me, did he will still validate if there is an opening in the position and if there's an opening, did he still offer the position. **No** (5) Based on all discussed above, can we believe that he was really not aware that they hired maintenance technician and doesn't know that there was an opening in the position at the time when the mediation session took place. **As a CFO in the company, I don't believe he was not aware.**

All of my answer to these questions is only for my own understanding based on all the above information, the fact finder can decide its determination on the evidence above and own expertise.

REQUEST FOR EXTENSION FOR PROVIDING

RESPONSE TO RESPONDENT POSITION STATEMENT

.

**ATTACHMENT F**

---

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## REQUEST FOR INFORMATION

---

**Charging Party:**     Geronimo Velasco

**Respondent:**     PENTAGON TECHNOLOGIES GROUP INC

**EEOC Charge No.:**     555-2023-00040

**Submit the following via the EEOC Respondent Portal no later than March 7, 2024:**

1.  In its Position Statement, Respondent states that it had not hired a maintenance technician prior to July 2022 and reduced its maintenance technician size from 5 and ½ to 2 in July 2022. Submit a list stating the name(s) of all Maintenance Technicians employed by Respondent for each month between the months of June 2022 and March 23, 2023. If Respondent hired a Maintenance Technician at any point between June 2022 and March 23, 2023, explain why Charging Party was not offered assignment to the vacancy.



## PENTAGON
### TECHNOLOGIES

April 2, 2024

**Subject:** EEOC Charge #555-2023-004 (Geronimo Velasco)—Pentagon Technologies Response to Request for Information (Received February 29, 2024)

Dear Mr. Gheorghe,

Thank you for the opportunity to provide additional employer information regarding this claim. As I mentioned in my previous emails to you, I am new to my role as Pentagon's Director, HR. I was not involved in the Position Statement previously submitted and do not have access to Pentagon's former point person for this case.

In your RFI, you have indicated the following:
*"In its Position Statement, Respondent states that it had not hired a maintenance technician prior to July 2022 and reduced its maintenance technician size from 5 and ½ to 2 in July 2022. Submit a list stating the name(s) of all Maintenance Technicians employed by Respondent for each month between the months of June 2022 and March 23, 2023. If Respondent hired a Maintenance Technician at any point between June 2022 and March 23, 2023, explain why Charging Party was not offered assignment to the vacancy."*

**Attachment A**, is the information requested. As shown, Pentagon did not hire any maintenance technicians during the period referenced. Pentagon's headcount was reduced by four positions between February and March 2023.

Mr. Velasco remains an active employee at Pentagon although he is currently unable to work due to injury. He returned to work on October 16th, 2023. Since his return-to-work, we have engaged in the interactive process on multiple occasions. We have accommodated his requests for accommodations multiple times. Most recently (March 2024), he requested a change to his work hours, and we approved his request to come into work daily later than his regular day shift schedule.

**Mediation**
We remain confident that we have not violated Mr. Velasco rights related to ADA and specifically a reasonable accommodation. He remains an active employee at Pentagon. We are confident that after investigating this claim the EEOC will reach the same conclusion. However, we also recognize that mediation can be a good option to resolve claims efficiently and more quickly than other means. My understanding is that Pentagon and Mr. Velasco began a mediation process shortly before the date of this amended charge, March 27th, 2023. We are still open to resuming mediation.

If you have any questions, please feel free to contact me at c.contreras@pen-tec.com or (503) 901-7665 ext. 51008. If I am unavailable, please do not hesitate to contact Mr. Kenji Matsumoto, Chief Administrative Officer, at kmatsumoto@pen-tec.com. Thank you for your consideration.

Sincerely,

Chris Contreras
Director, HR
Pentagon Technologies

**ATTACHMENT A**

| EE# | Employee_Name | Hire_Date | Rehire_Date | Current_Status (3/24/24) | Term_Date | 6/2022 | 7/2022 | 8/2022 | 9/2022 | 10/2022 | 11/2022 | 12/2022 | 1/2023 | 2/2023 | 3/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (b) (6) | | | | | | E | E | E | E | E | E | E | E | E | E |
| | | | | | | E | E | E | E | E | E | E | E | (b) (6) | |
| | | | | | | E | E | E | E | E | E | E | E | E | (b) (6) |
| | | | | | | E | E | E | E | E | E | E | E | E | E |
| | | | | | | E | E | E | E | E | E | E | E | E | E |
| | | | | | | E | E | E | E | E | E | E | E | (b) (6) | |
| | | | | | | E | E | E | E | E | E | E | E | E | |
| 6120 | VELASCO, GERONIMO | 11/15/21 | n/a | Active | n/a | | | | | | | | | | |

Reference Period June 2022 - March 23, 2023

Key: "E" = employed in that month (b) (6)