CAROLINE C. DICKEY (SBN 301721)
caroline.dickey@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: 310-284-3880
Facsimile: 310-284-3894

Attorneys for Defendant
PENTAGON TECHNOLOGIES GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELASCO,<br><br>                Plaintiff,<br><br>      v.<br><br>PENTAGON TECHNOLOGIES GROUP,<br>INC.,<br><br>                Defendant. | Case No. 3:24-cv-05307-VC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**<br><br>*[Filed concurrently with Declaration of Caroline C. Dickey]*<br><br>Date:   December 12, 2024<br>Time:   10:00 a.m.<br>Place:  Courtroom 4, 17th Floor<br>           450 Golden Gate Avenue<br>           San Francisco, CA 94102<br><br>Complaint Filed: August 16, 2024<br>Trial Date: Not Set<br>Judge: Hon. Vince Chhabria |

## I.    INTRODUCTION

The granting of Plaintiff Geronimo Velasco's Motion would result in extreme prejudice to Defendant Pentagon Technologies Group, Inc., despite the fact that Plaintiff has not been prejudiced at all. Granting the Motion would contravene established policies favoring resolution on the merits, all because Defendant mistakenly filed its Answer to Plaintiff's Amended Complaint six days late. This would be an extremely unjust outcome.

Additionally, absent a showing of bad faith, the Court must take Defendant's factual contentions that it does not currently have sufficient knowledge or information to form a belief about the truth of the allegations at issue as true. Defendant in fact does not have sufficient knowledge to admit or deny the allegations at issue, and absent actual proof that such knowledge exists, the Court should not strike Defendant's responses. Plaintiff's Motion should be denied in its entirety.

## II.    ARGUMENT

### A.    The Court Should Not Strike Defendant's Answer Because It Was Untimely.

After receiving Plaintiff's Amended Complaint on October 8, 2024, Defendant's counsel mis-calendared the responsive pleading deadline as being October 29, 2024, as opposed to the actual deadline of October 22, 2024. Declaration of Caroline C. Dickey ("Dickey Decl."), ¶ 4. Defendant's counsel mistakenly believed that the responsive pleading deadline was on October 29, 2024, and that is the reason that Defendant's counsel made this representation to Plaintiff. *Id.*, at 5. On October 27, 2024, Plaintiff informed Defendant's counsel that the responsive pleading deadline had passed, and Defendant promptly got its answer on file the following day, on October 28, 2024, thereby resulting in the filing being submitted six days late. *Id.*, at 6.

Plaintiff argues that the Court should strike Defendant's Answer in its entirety, and prevent Defendant from participating in this case, all because Defendant's Answer was filed six days late. This would be extremely prejudicial to Defendant, despite the late filing resulting in no prejudice to Plaintiff.

Federal Rule of Civil Procedure 12(f) allows a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) "are

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER

1   viewed with disfavor and are infrequently granted." *Kirola v. City and County of San Francisco*, 2011

2   WL 89722, *1 (Jan 11, 2011) (citing *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)

3   (internal quotations omitted). Further, to strike an answer that was belatedly filed "contravenes the

4   established policies disfavoring motions to strike . . . and favoring resolution of cases on their merits."

5   *Kirola, supra,* at *3, citing *Canady v. Erbe Elektromedizin GmbH,* 307 F.Supp.2d 2, 8 (D.D.C. 2004)

6   (internal citations omitted).

7         Additionally, here, there is no prejudice. Plaintiff argues that he was prejudiced because

8   "Defendant's late filing prevented Plaintiff from timely seeking entry of default, thereby delaying

9   Plaintiff's opportunity for prompt resolution." Motion, 2:0-11. This does not make sense. If Defendant

10  had timely filed its Answer, there would be no basis for Plaintiff to attempt to seek a default. The filing

11  of an answer six days late, based on mistake, when the Parties were in constant contact (as evidenced

12  by the emails attached to Plaintiff's Declaration), does not result in any prejudice to Plaintiff,

13  particularly in these early stages of the case.

14        Moreover, of note, Plaintiff cites "*Rutter v. Morton*, 678 F.2d 679, 682 (9th Cir. 1982)" for the

15  proposition that "allowing an untimely filing without justification disrupts procedural order and results

16  in prejudice to Plaintiff." Motion, 2:5-7. However, the citation given leads to a case titled "*N.L.R.B. v.*

17  *Berger Transfer & Storage Co.,"* which does not address the issues raised in Plaintiff's Motion.

18        To grant Plaintiff's request for default on the grounds that Defendant's Answer was filed six

19  days late would lead to a substantial injustice for Defendant, who would be unable to participate in a

20  case that it has been actively participating in since the original Complaint was served, and would

21  contravene established policies favoring resolution on the merits based on a technicality. This would be

22  exceedingly unfair to Defendant. Consequently, Defendant requests that the Court deny Plaintiff's

23  Motion and request for default.[1]

24   **B.    Defendant Did Not Submit "Evasive Denials" and Nothing in Defendant's Answer**

25        **Is Improper.**

26  _____

27   [1] In the alternative, Plaintiff requests equitable tolling (Motion, 1:8-9), however, it is unclear to
    Defendant specifically what Plaintiff is requesting. Defendant does not believe there is any basis for
28  tolling to occur.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER

Plaintiff cites "*Yong Hong Keung v. Hawaiian Sun,* 702 F.2d 908 (9th Cir. 1983)" for the proposition that "[c]ourts may strike evasive denials that lack a reasonable basis as 'immaterial, impertinent, or scandalous' under Rule 12(f)." Motion, 2:16-18. However, this citation leads to a case titled "*R.C. Hilton Associates, Inc. v. Stan Musial and Biggie's Inc.,"* which, again, does not address any of the issues raised in Plaintiff's Motion. Motions to strike "are generally disfavored by courts because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010) (citation omitted). Such motions should only be granted if "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *New York City Employees' Ret. Sys. v. Berry*, 667 F.Supp.2d 1121, 1128 (N.D. Cal. 2009). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (internal citations omitted).

"Normally, a party may not assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily brought within his knowledge, a matter of general knowledge in the community, or a matter of public record." *Chung v. U.S. Bank, N.A.,* 2016 WL 9525594, at *4 (D. Haw. Sept. 6, 2016). However, "courts cannot examine statements in an answer or other pleading and decide, based on their own intuition that the statements are implausible or a sham and thus can be disregarded. Factual allegations in a pleading, as opposed to legal conclusions, must be presumed to be true." *In re Mortgages Ltd.,* 771 F.3d 623, 632 (9th Cir. 2014) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (S.Ct. 1955).  A court may only strike portions of an answer if bad faith is found to underlie the denial or if the party intended to make the pleading evasive. *Great W. Life Assur. Co. v. Levithan*, 834 F.Supp. 858, 864–65 (E.D. Pa. 1993), citing 5 Wright & Miller, § 1263 at 392. "A denial based on lack of knowledge or information sufficient to form a belief is proper when the pleader lacks sufficient data to justify his interposing either an honest admission or a denial of an opponent's averments." *Great W. Life Assur. Co., supra,* citing 5 Wright & Miller, *supra,* at 393.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER

In *Great W. Life Assur. Co.,* the Court found that there was insufficient evidence to show that the defendant was acting in bad faith with evasive intentions, and denied the motion to strike. *Id.* at 865. The Court also found that there was no showing that the plaintiff was unduly prejudiced by the defendant's responses, and that "[a]t best, the Plaintiff has been merely challenged to prove the factual issues at a hearing." *Id.*

Similarly, here, Defendant has not acted in bad faith with evasive intentions. Defendant does not currently have sufficient knowledge or information to form a belief about the truth of the allegations at issue. For example, for many of the statements at issue, the persons involved are no longer employed by Defendant. Additionally, like in *Great W. Life Assur. Co.*, there is no prejudice to Plaintiff by having to litigate and conduct discovery regarding some factual issues. Absent a showing of bad faith, the Court must presume Defendant's statements to be true, and should deny Plaintiff's Motion.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Dated: November 19, 2024          **BARNES & THORNBURG LLP**

By: */s/ Caroline C. Dickey*
Caroline C. Dickey
Attorneys for Defendant
PENTAGON TECHNOLOGIES GROUP,
INC.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER