GERONIMO VELASCO
23480 Nevada Road
Hayward, California 94541
Phone Number: (510) 399-8028
Email Address: monongiko@aol.com

Self-Represented

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

GERONIMO VELASCO,

    Plaintiff,

v.

PENTAGON TECHNOLOGIES GROUP, INC.,

    Defendant

Case No.: **3:24-cv-05307-VC**

**EMERGENCY MOTION TO STAY DISCOVERY ORDER AND FOR IMMEDIATE RELIEF**

Judge:    Hon. Vince Chhabria

Trial Date:    December 8, 2025

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date and time to be set by the Court, or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Vince Chhabria, United States District Judge for the Northern District of California, San Francisco Division. Plaintiff Geronimo Velasco hereby moves the Court for an emergency order staying **enforcement of the Magistrate Judge's August 7, 2025 Discovery Order (Dkt. 95)**.

While the Court has denied Plaintiff's Motion to Vacate that order (Dkt. 102), the order remains subject to serious due process and procedural objections—including violation of Federal Rule of Civil Procedure 6(c)(1) and Civil Local Rule 7-2(a) arising from the two-day notice of hearing (Dkt. 93), and Defendants' failure to comply with prior discovery procedures (Dkts. 68, 72). Immediate relief is necessary to prevent irreparable prejudice, including the risk of sanctions, while these unresolved issues remain pending before the Court.

    This motion is based on this Notice of Motion, the Motion set forth below, the records and files herein, and such oral argument as may be presented at the hearing.

Dated: August 20, 2025

Respectfully submitted,

*/s/ Geronimo Velasco*
GERONIMO VELASCO
Pro Se Plaintiff

**TO THE HONORABLE COURT:**

Plaintiff Geronimo Velasco respectfully moves for emergency relief to stay the Discovery Order entered August 7, 2025 (Dkt. 95) and to prevent sanctions based on proceedings conducted in violation of the Federal Rules of Civil Procedure, the Local Rules of this Court, and fundamental due process.

The Discovery Hearing was scheduled on only two days' notice, contrary to FRCP 6(c)(1) and Civil L.R. 7-2(a). Defendants disregarded prior Court orders by bypassing the Magistrate Judge and filing discovery disputes directly with the District Judge. Despite these documented violations, Plaintiff's Motion to Vacate was denied as "frivolous," without explanation.

This motion seeks a narrowly tailored stay and protection from sanctions until these procedural defects are addressed.

**I. LEGAL AUTHORITY AND STANDARD**

Federal Rule of Civil Procedure 6(c)(1) requires that a written motion be served at least fourteen (14) days before a hearing. Civil Local Rule 7-2(a) requires thirty-five (35) days' notice. Both rules establish minimum notice periods to safeguard due process.

Federal Rule of Civil Procedure 26(c) authorizes protective orders to shield a party from undue burden, prejudice, or oppression in discovery. Courts also retain inherent authority to manage proceedings and to stay orders where necessary to prevent injustice.

Sanctions may be imposed only when a filing is truly frivolous—meaning wholly without legal or factual basis—and only after specific findings. Courts must exercise this power with restraint, particularly where a pro se litigant presents evidence of procedural defects.

**II. SHORT NOTICE VIOLATED DUE PROCESS**

The Discovery Hearing was set on only two days' notice (Dkt. 93), in plain violation of both FRCP 6(c)(1) and Civil L.R. 7-2(a). This deprived Plaintiff of the opportunity to prepare and respond meaningfully, and it undermined fundamental fairness.

### III. DEFENDANTS' NONCOMPLIANCE WITH COURT ORDERS

Defendants filed their joint discovery statements at Dkts. 89–91 directly with the District Judge, rather than first presenting disputes to the Magistrate Judge as required by prior orders (Dkts. 68, 72). This disregard for the Court's instructions constitutes a violation of Rule 11 and further taints the August 7 proceedings.

### IV. IMPROPER USE OF "FRIVOLOUSNESS"

The Court's denial of Plaintiff's Motion to Vacate (Dkt. 102) as "frivolous" was issued without explanation. To brand a filing raising documented rule violations as frivolous, without findings or reasoning, chills access to due process and misuses the sanction power. A pro se litigant is entitled to clear answers where violations of notice and procedure are identified.

### V. RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests that the Court:

1. **Stay enforcement** of the August 7, 2025 Discovery Order (Dkt. 95);
2. **Protect Plaintiff** from sanctions or compelled compliance until procedural defects are addressed;
3. **Grant such other relief** as the Court deems just and proper.
4. Alternatively, clarify that Plaintiff will not be sanctioned or compelled under Dkt. 95 until the procedural defects are resolved.

Dated: August 20, 2025

Respectfully submitted,

*/s/ Geronimo Velasco*
GERONIMO VELASCO
Pro Se Plaintiff

4

**EMERGENCY MOTION TO STAY DISCOVERY ORDER AND
FOR IMMEDIATE RELIEF – 3:24-cv-05307-VC**

## CERTIFICATE OF SERVICE

*Velasco v. Pentagon Technologies Group, Inc., Case No: 24-cv-05307-VC*

I hereby certify that on August 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

Pursuant to this Court's Standing Order, I will contact Judge Chhabria's Courtroom Deputy, Bhavna Sharma immediately upon filing this emergency application to notify her of this emergency request

/s/ Geronimo Velasco

Geronimo Velasco

Plaintiff, Pro Se