UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERONIMO VELASCO,<br><br>    Plaintiff,<br><br>    v.<br><br>PENTAGON TECHNOLOGIES GROUP, INC.,<br><br>    Defendant. | Case No. 24-cv-05307-VC (AGT)<br><br>**REPORT AND RECOMMENDATION TO DISMISS ACTION**<br><br>Re: Dkt. No. 104 |

Defendant Pentagon Technologies Group, Inc. (Pentagon) seeks dismissal of this entire action under Federal Rule of Civil Procedure 41(b). Dkt. 104. For the reasons that follow, the undersigned recommends granting Pentagon's request for dismissal.

### I. Background

Relevant here, plaintiff Geronimo Velasco failed to appear for his deposition on July 31. 2025. *See* dkt. 89. Velasco also failed to respond fully to Pentagon's requests for production and interrogatories. *See* dkts. 90–91.

Pentagon and Velasco then filed three joint discovery letter briefs. *See* dkts. 89–91. The undersigned held a hearing, which Pentagon and Velasco both appeared, *see* dkt. 96, before issuing an order on August 7 (the August 7 Order). Dkt. 95. The August 7 Order set Velasco's deposition for August 19, required the parties to meet and confer regarding other depositions by August 14, and ordered Velasco to respond to Pentagon's outstanding interrogatories and requests for documents. *See id.* The undersigned finally warned that failure

to comply could result in sanctions including the dismissal of the case. *Id.*

On August 11, Velasco filed a motion to vacate the August 7 Order, dkt. 97, which presiding Judge Chhabria denied on August 18. Dkt. 102. Pentagon continued to reach out to Velasco, who declined to participate in discovery. Dkt. 104-1 ¶¶ 3–16.

On August 19, Velasco again failed to appear for his deposition or respond to defense counsel's communications. *Id.* ¶¶ 12–14. Pentagon then filed the present joint discovery letter brief, seeking terminating sanctions for failure to comply. Dkt. 104. Later that day, Velasco filed a motion to stay the August 7 Order, dkt. 105, which Judge Chhabria denied on the next day. Dkt.106.

## II.    Legal Standards

Rule 41(b) permits the involuntary dismissal of an action for failure to prosecute or to comply with a court order. Unless otherwise specified, a dismissal under Rule 41(b) operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b).

Rule 16(f) allows a court, on its own motion, to issue "any just orders . . . if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1) & (f)(1)(C). "[J]ust orders" include those authorized by Rule 37(b)(2)(A), which allows for dismissal "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A) & (b)(2)(A)(v).[1]

/ / /

/ / /

---

[1] Because the undersigned was referred this case to resolve discovery disputes, he believes Rule 37 is the most appropriate rule for relief because the basis for the recommendation to dismiss the action is predicated on discovery violations. Rule 16(f) allows the Court to act sua sponte on orders authorized under Rule 37(b)(2)(A)(v).

### III.     Discussion

Before dismissing a case under Rule 16(f) or Rule 41(b), a district court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).[2]

Here, the public's interest in expeditious resolution and the Court's need to manage its docket both weigh in favor of dismissal. Velasco's conduct impedes resolution of this case.[3]

Also weighing in favor of dismissal, Velasco's "failure to respond to discovery and the time consumed by attempting to secure compliance prejudice[s]" Pentagon, *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996), and "threaten[s] to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Pentagon cannot sufficiently prepare a summary judgment motion. *See* dkt. 104 at 5.

The public policy favoring disposition of cases on their merits weighs against dismissal, but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (cleaned up).

Finally, the undersigned warned Velasco that failure to comply with the August 7

---

[2] The standards for dismissal for failure to obey a court order under Rules 16(f) and 41(b) "are basically the same." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).
[3] The undersigned points out that Velasco has also shown little regard for this Court's orders. He failed to timely oppose a motion to dismiss, *see* dkt. 11, failed to appear at two case management conferences, *see* dkts. 62 & 98, and failed to submit a statement prior to the settlement conference, *see* dkt. 86, resulting in its cancellation, *see* dkt. 88.

Order could result in the dismissal of this case. *See* dkt. 95 at 2.[4] "A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), as amended (May 22, 1992).

A sanction of dismissal is appropriate in "extreme circumstances" of violations "due to willfulness, bad faith, or fault of that party." *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co, Inc.*, 857 F.2d 600, 603 (9th Cir.1988) (cleaned up). Velasco has been willful: his "disobedient conduct" is "within [his] control." *Fjelstad v. American Honda Motor Company, Inc.*, 762 F.2d 1334, 1341 (9th Cir. 1985) (cleaned up).[5] And four of the five factors point towards dismissal, rendering it appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

### IV.   Conclusion

The undersigned recommends dismissing this entire action with prejudice pursuant to Rules 41(b) and 16(f).

Velasco may object to this report and recommendation, but he must do so within fourteen days of being served with a copy. Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED.**

Dated: August 22, 2025

Alex G. Tse
United States Magistrate Judge

---

[4] After Velasco's failure to oppose and failure to appear, Judge Chhabria issued two orders to show cause, each warning of the risk of dismissal. *See* dkts. 11 & 63.

[5] At the August 7 hearing, for example, Velasco stated that, "I just want to put on the record that I am still objecting [to the deposition]. But I am going to follow your order." Video Tr. at 36:10–17.