GERONIMO VELASCO
23480 Nevada Road
Hayward, California 94541
Phone Number: (510) 399-8028
Email Address: monongiko@aol.com

Self-Represented

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

GERONIMO VELASCO,

                    Plaintiff,

      v.

PENTAGON TECHNOLOGIES GROUP, INC.,

                 Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **3:24-cv-05307-VC (AGT)**

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 108)**

Trial Date:        December 8, 2025

**TO THE HONORABLE DISTRICT JUDGE:**

Plaintiff Geronimo Velasco, proceeding pro se, respectfully objects to Magistrate Judge Tse's Report and Recommendation (Dkt. 108) under Federal Rule of Civil Procedure 72(b) .and 28 U.S.C. § 636(b)(1),  This Court's de novo review will reveal that the R&R rests on void deposition notices, procedurally defective joint statements, and defense counsel misconduct that warrants sanctions, not dismissal.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to a Magistrate Judge's proposed findings and recommendations within fourteen (14) days after service. The District Judge must then conduct a *de novo* determination of those portions of the R&R that have been properly objected to. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the recommended disposition, receive further evidence, or recommend the matter to the Magistrate Judge with instructions. Where, as here, the objections raise procedural defects in the discovery process that directly bear on the validity of the R&R, "de novo" review is required.

**OBJECTION I: THE R&R RELIES ON VOID DEPOSITION NOTICES THAT VIOLATED RULE 30(d)(1) AND THE STANDING ORDER**

**A. Double Violations Show Deliberate Misconduct**

Defense counsel's own exhibits show a repeated pattern of violations:

- **First Violation (July 23, 2025 Notice, Dkt. 89-2, p. 2):**

   "continue from day to day thereafter until completed"

   This violated **Fed. R. Civ. P. 30(d)(1)**, which limits depositions to one day of seven

hours absent stipulation or court order. It also violated **Judge Tse's Standing Order**, which expressly requires compliance with Rule 30(d)(1).

- **Judicial Acknowledgment of Defect (Aug. 7 Order, Dkt. 95, p. 1):**

  "Velasco's deposition is set for August 19, and will be limited to seven hours. See Fed. R. Civ. P. 30(d)(1)."

  This correction confirms that the July 23 notice was defective from the outset.

- **Second Identical Violation (Aug. 19, 2025 Notice, Dkt. 104-4, p. 2):**

  "continue from day to day thereafter until completed"

  Despite the Court's prior correction, defense counsel repeated the exact same defect. This constitutes a **double violation**—of Rule 30(d)(1) and the Standing Order.

## B. Void Notices Cannot Support Sanctions

Courts consistently hold that defective deposition notices are **void ab initio** and cannot support sanctions. *NML Capital Ltd. v. Republic of Argentina*, 2014 WL 3898021, at *3 (D. Nev. Aug. 11, 2014); *United States v. $160,066.98 from Bank of Am.*, 2021 WL 1960668, at *4 (C.D. Cal. Apr. 7, 2021). The magistrate's August 7 "correction" could not cure notices void from inception. Accordingly, the R&R's reliance on these notices to establish "willfulness" is legally unsustainable.

## OBJECTION II: DOUBLE VIOLATION OF MEET-AND-CONFER REQUIREMENTS

Defense counsel's so-called "joint discovery letter briefs" (Dkts. 89–91) and subsequent compliance efforts failed in two independent ways, creating a **double violation** of Judge Tse's Standing Order:

## A. First Violation: Filing of Joint Statement

**Failure to Confer In-Person or by Videoconference.**

The Standing Order requires in-person or videoconference sessions. Defendant never complied. All communications were via email or phone. This alone renders the joint filings defective.

**Failure of Lead Counsel Participation.**

The Standing Order mandates that **lead trial counsel** personally participate. Defendant's lead counsel of record, Mr. Geller, never participated. Instead, only Mr. Crittenden handled communications. There is no evidence Plaintiff ever met, spoke, or corresponded with Mr. Geller. This is a second, independent violation.

**Misrepresentation in Exhibits.**

Defendant compounded these violations by misrepresenting Plaintiff's emails as his "position." For example, in Dkt. 89-1 ¶7 and Exhibits C–D, defense counsel framed Plaintiff's July 30 and August 1 emails as refusals to confer, omitting that Plaintiff had until August 4 to respond. Similar mischaracterizations errs in Dkts. 90 and 91. These are not compliant "joint statements" but unilateral filings dressed up as joint.

**B. Second Violation: Discovery Order**

**August 7 Discovery Order Carried Forward the Same Violations.**

The August 7 Order (Dkt. 95) required further meet-and-confer by August 14, still subject to Standing Order safeguards. Yet Defendant again relied on emails and phone calls handled solely by Mr. Crittenden. No in-person or video sessions occurred, no lead counsel participated, and no certification was filed. This is a repeat violation. Orders predicated on such defective compliance are procedurally void. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989); *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**E. Defendant's Declaration Misrepresentations Render the Joint Statement Defective**

The R&R (citing Dkt. 89) rests on declarations by defense counsel that mischaracterize the Standing Order's requirements. Specifically:

**1.Paragraph 2 Misrepresentation** – Exhibit A as "Disputed Request."

Defendant's declaration (Dkt. 89-1 ¶2) asserts that Exhibit A (Notice of Deposition) constitutes the "disputed request" under Judge Tse's Standing Order §B. This is false. The Standing Order specifies that in disputes over written discovery (interrogatories, requests for production, admissions), the parties must attach the actual discovery requests and responses. A unilateral Notice of Deposition is not a "request" within the meaning of §B. Treating a deposition notice as a "discovery request" distorts the Order and bypasses the mandated process.

**2.Paragraph 6 Misrepresentation** – Exhibit C as "Disputed Response."

Defendant further asserts (Dkt. 89-1 ¶6) that Plaintiff's July 30 and August 1 emails (Exhibit C) constitute the "disputed response." This is misleading. Those emails were objections to premature deposition scheduling, citing Dkt. 68, not substantive responses to any discovery request. They cannot substitute for the "response" contemplated by §B, which requires a formal written response or objection to a specific interrogatory, RFP, or admission.

1. **Failure to Provide Attestation of Lead Counsel Meet-and-Confer**

   The joint statements (Dkts. 89–91) contain **no attestation that lead counsel met and conferred in person or by videoconference** as required by the Standing Order § B(1). Instead, defense counsel relied only on emails and phone requests. Plaintiff never conferred with Defendant's lead counsel at all. This omission alone renders the filings defectiv

2. **No Clear Plaintiff Position in the Body of the Statement**

   Judge Tse's Standing Order § B(2 requires "each party's position" to appear in the

body of the joint letter brief. Instead, Defendant attached Plaintiff's raw emails as exhibits. These emails were **objections** to procedure (see Dkt. 89-4), not substantive discovery positions. Outsourcing Plaintiff's "position" to exhibits evaded the requirement of presenting a concise, final compromise for the Court.

3. **No Final Compromise Proposals**

Section B(3) of the Standing Order requires "each party's final proposed compromise." None of the letters included compromise proposals. Defendant's filings contained only demands (compel deposition, compel interrogatories, compel production). Plaintiff's position was absent. Without this, the Court had no basis to adjudicate.

**3.Resulting Noncompliance.**

By mischaracterizing a deposition notice as the "disputed request" and Plaintiff's objections as the "disputed response," Defendant created the illusion of Standing Order compliance where none existed. The mandatory prerequisites of §B(1)–(3) (in-person/videoconference meet and confer, each side's final position, and true request/response exhibits) were never satisfied.

De novo review: Because these misrepresentations form the basis of Dkt. 89, the R&R rests on a defective foundation and cannot stand.

**F. Consequence of Double Violations.**

Because these were not minor defects but failures to satisfy mandatory prerequisites, the joint filings and the subsequent order are void ab initio. They cannot support sanctions or dismissal. The R&R errs in treating them as valid bases.

**OBJECTION III: THE R&R MISCHARACTERIZES PLAINTIFF'S GOOD FAITH OBJECTIONS**

The R&R wrongly characterizes Plaintiff's conduct as refusal and willful defiance. The record demonstrates otherwise. Plaintiff consistently stated:

"I am not refusing to be deposed—I object in good faith while unresolved issues remain." (Dkt. 89-4, p. 1).

## OBJECTION III: THE R&R MISCHARACTERIZES PLAINTIFF'S GOOD FAITH OBJECTIONS

The R&R wrongly characterizes Plaintiff's conduct as refusal and willful defiance. The record demonstrates otherwise. Plaintiff consistently stated:

"I am not refusing to be deposed—I object in good faith while unresolved issues remain." (Dkt. 89-4, p. 1).

At the August 7 hearing, Plaintiff explicitly said:

"I just want to put on the record that I am still objecting [to the deposition]. But I am going to follow your order." (R&R, Dkt. 108, fn. 5).

This shows good faith compliance under protest, not defiance.

## OBJECTION IV: THE AUGUST 7 DISCOVERY ORDER WAS PROCURED ON INADEQUATE NOTICE AND DEFECTIVE FILINGS

The August 7 hearing was noticed on August 5—only two days' notice—violating Fed. R. Civ. P. 6(c)(1) and basic due process principles. Moreover, the Order rested on procedurally defective joint filings that did not meet the Standing Order's prerequisites. Orders obtained under such circumstances cannot serve as the foundation for sanctions or dismissal.

## OBJECTION V: THE R&R'S "PATTERN OF NONCOMPLIANCE" NARRATIVE IS UNSUPPORTED

The R&R cites collateral items (failure to oppose a motion; two missed CMCs; a settlement-statement issue) to suggest a broader pattern. These are either inaccurate, procedurally void, or irrelevant to discovery willfulness.

**A. June 6, 2025 CMC (Dkt. 62) Was Void After Scheduling Modification.**

Following consolidation and a new schedule (Dkt. 39), the June 6 CMC was no longer operative. The OSC (Dkt. 62) was later discharged (Dkt. 68). Treating this as a willful nonappearance misstates the record.

**B. August 15, 2025 CMC (Dkt. 98) Lacks Willfulness.**

The CRD noted "NO Appearance." Plaintiff immediately filed a motion to excuse nonappearance (Dkt. 99), later denied by text entry (Dkt. 106). This isolated event cannot fairly be weighed as defiance.

**C. Settlement Statement Allegation Is Misframed.**

The Court extended Plaintiff's deadline to August 4 (Dkt. 86) but vacated the conference on August 4 (Dkt. 88) *before the deadline expired*. Characterizing this as "non-compliance" is inaccurate.

**D. Misrepresentation Regarding Motion to Dismiss Opposition (Dkt. 11) and Orders to Show Cause (Dkts. 11 & 63).**

Defendant asserts that Plaintiff "failed to timely oppose a motion to dismiss." (R&R, Dkt. 108, fn. 5). This is factually incorrect. The record shows:

- Motion to Dismiss filed: September 17, 2024 (Dkt. 10)

- First Amended Complaint filed: October 8, 2024 (Dkt. 12)

- Court's discharge order: October 11, 2024 (Dkt. 14)

Under **Fed. R. Civ. P. 15(a)(1)(B)**, Plaintiff had 21 days from service of a Rule 12(b)(6) motion to amend the complaint once as a matter of course. Plaintiff filed the amended complaint exactly on day 21, October 8, 2024. The Court itself recognized the filing was proper:

- "The 11 order to show cause is discharged"

- "In light of the filing of the 12 amended complaint, the 10 motion to dismiss is denied as moot" (Dkt. 14).

This shows Plaintiff complied fully with Rule 15(a)(1)(B) and that the OSC was discharged as error. Defendant's contrary assertion misrepresents the record. Plaintiff further addressed this issue comprehensively in his **Motion (Dkt. 110)**. Thus, this point cannot contribute to any "pattern of noncompliance."

**E. R&R Footnote Mischaracterization of OSCs (Dkts. 11 & 63).**

The R&R states that "Judge Chhabria issued two orders to show cause, each warning of the risk of dismissal. See dkts. 11 & 63." (R&R, final page, fn. 6). This is misleading:

- **Dkt. 11 OSC** was discharged by Dkt. 14 after Plaintiff filed a timely amended complaint under Rule 15(a)(1)(B). The Court itself confirmed there was no fault by Plaintiff.

- **Dkt. 63 OSC** regarding a supposed missed CMC was discharged/lifted by Dkt. 68 after scheduling corrections. Again, the Court confirmed there was no continuing fault.

Because both OSCs were expressly discharged, they cannot serve as valid "warnings" supporting dismissal. They were procedural errors corrected by the Court itself. Defendant's reliance on them misrepresents the docket. Plaintiff further documented this sequence in **Dkt. 110**, preserving the issue for appeal and noting the phantom hearing irregularities.

**F. Context of Compressed Proceedings.**

The discovery hearing on Dkts. 89–91 was set on August 5 for August 7—two days' notice.

Plaintiff raised that this violated FRCP 6(c)(1). This context undermines any inference of deliberate noncompliance.

**Conclusion on Objection V.** These collateral items are mischaracterized, procedurally void, or immaterial. They do not support dismissal.

## OBJECTION VI: DEFENSE COUNSEL'S REFUSAL TO STIPULATE TO VOLUNTARY DISMISSAL EXPOSES THEIR STRATEGY

On August 20, 2025, Defendant sought dismissal with prejudice under Rule 41(b). On August 27, Plaintiff filed for voluntary dismissal with prejudice under Rule 41(a)(2). Both sought identical relief. Yet defense counsel refused to stipulate, confirming their strategy was not to resolve the case but to control dismissal terms to Plaintiff's detriment. When both parties seek identical relief, no legal prejudice exists. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The refusal to stipulate shows bad faith.

## OBJECTION VII: THE R&R MISAPPLIES THE HENDERSON FACTORS

The R&R applies the five Henderson factors mechanically, without accounting for the procedural defects and defense misconduct that tainted the record.

**Factor 1 & 2 (Public Interest and Docket Management):** Dismissing a case on the basis of procedurally void deposition notices and defective filings undermines confidence in the judicial process more than it promotes efficiency.

**Factor 3 (Prejudice to Defendant):** Pentagon cannot claim prejudice where its own counsel created the procedural defects—issuing noncompliant deposition notices and filing defective joint statements.

**Factor 4 (Disposition on the Merits):** This factor always weighs strongly against dismissal. The merits can be adjudicated once discovery is conducted under valid procedures.

**Factor 5 (Less Drastic Sanctions):** The R&R fails to consider alternatives. Options include:

- Monetary sanctions under Rule 37(b);

- Ordering a deposition under a corrected, compliant notice;

- Issuing a protective order to structure discovery fairly; or

- Sanctioning defense counsel for procedural misrepresentations.

    Dismissal is a last resort and inappropriate where less drastic remedies exist.

**Conclusion on Henderson Factors:** Once the procedural record is corrected, dismissal cannot be justified under any factor. At most, lesser sanctions or corrective orders are appropriate.

**CONCLUSION**

The R&R cannot stand because it rests on:

1. Void deposition notices that violated both Rule 30(d)(1) **and** the Standing Order.

2. Double violations of Standing Order meet-and-confer requirements in Dkts. 89–91 and the August 7 Order.

3. Mischaracterizations of Plaintiff's good faith objections.

4. Collateral allegations of "noncompliance" that are unsupported by the docket and misrepresented by Defendant.

5. Misapplication of the Henderson factors and failure to consider less drastic sanctions.

For avoidance of doubt, Plaintiff expressly preserves all issues raised herein, and those set forth in Dkt. 110, for appellate review.

**Relief Requested:**

1. REJECT the R&R in its entirety.

2. VACATE the August 7, 2025 Discovery Order.

3. IMPOSE sanctions on defense counsel for procedural misrepresentations.

4.  GRANT Plaintiff's Motion for Voluntary Dismissal with Prejudice (Dkt. 110).

5.  PRESERVE all issues for appellate review.

6.  Grant such other relief as the Court deems just and proper.

Dated: September 5, 2025

Respectfully submitted,

*/s/ Geronimo Velasco*

Pro Se Plaintiff